**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Farber, | No. CV-09-2374-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa, *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss/Motion for Summary Judgment of the City of Mesa (Dkt. # 9). The Motion seeks the dismissal of Count IV of the Complaint as well as dismissal of the Arizona Civil Rights Act claims against the City. For the following reasons, the Court grants summary judgment in favor of the City on Count IV and any other Count of the Complaint, to the extent it is based on Arizona state law.

## LEGAL STANDARD

Summary judgment is appropriate if the admissible evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). The moving party bears the initial burden of supporting its contention that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The burden is then on the nonmoving party to establish that a genuine issue of material fact exists. *See id.* Substantive

law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, the dispute must be genuine; that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**DISCUSSION**

On November 11, 2009, Plaintiff Nicole Farber ("Plaintiff") filed a Complaint against the City of Mesa, the Mesa Police Department, and Jesse Cothren, alleging deprivations of her civil rights pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Arizona's Civil Rights Act, Ariz. Rev. Stat. §§ 41-1463, 41-1464, & 41-1481 ("ACRA"). (Dkt. # 1 at 1.) In her Complaint, Plaintiff also raises state law claims for defamation and interference with contract. (Dkt. # 1 at 7–8.) The only issue presently before the Court is whether Plaintiff Nicole Farber has complied with Arizona's notice of claim statute in bringing her ACRA and defamation claims against the City of Mesa. The Court holds that she has not and grants partial summary judgment in favor of the City.

Arizona's notice of claim statute provides that all persons having a claim against a public entity or public employee must provide notice of that claim within 180 days after the cause of action accrues. Ariz. Rev. Stat. § 12-821.01(A). "The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." *Id.* If the claimant fails to timely file a proper notice of claim, the action is barred. *See id.*

The City of Mesa has presented evidence that Plaintiff never served it with a notice of claim. (Dkt. # 10 at ¶ 7.) In her affidavit, the City's official record keeper, who oversees the maintenance of all official records and who keeps records of service of notices of claims, legal summonses, and complaints, states that the City Clerk's office received Plaintiff's Complaint and summons, but that the City Clerk never received a notice of claim. (*Id.*) Plaintiff does not dispute this. (*See* Dkt. # 13 at ¶¶ 1–2.) Instead, she points to a resignation

letter that she sent to the Mesa Police Department's legal advisor. (*See* Dkt. # 15, Ex. 1.) Plaintiff's letter, which was sent before Plaintiff resigned or was terminated from her employment with the Mesa Police Department, is not a proper notice of claim under Arizona law. *See* Ariz. Rev. Stat § 12-821.01(A).

Plaintiff's resignation letter fails to meet the requirements of § 12-821.01 for several reasons. First, the letter was never filed with "the person or persons authorized to accept service for the public entity or public employee" as required by § 12-821.01(A). In accordance with this provision, only the chief executive officer of a municipality, or its secretary, clerk, or recording officer are authorized to accept service on behalf of the municipality. *See* Ariz. R. Civ. P. 4.1(i). Mesa Police Department's legal advisor is not among any of these listed officials, and she is not authorized by rule or in practice to accept service of a notice of claim on behalf of the City. (Dkt. # 15, Ex. 1.) Similarly, the letter fails to satisfy the requirements of a notice of claim because it was filed two months *before* Plaintiff was terminated from her employment with the Mesa Police Department and *before* the alleged defamation took place—thus the letter was written *before* Plaintiff's cause of action even accrued. *See* Arizona Revised Statute § 12-821.01(A) (requiring a notice of claim be served "within one hundred eighty days *after* the cause of action accrues.") (emphasis added).

Section 12-821.01(A) further requires that "the claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." Plaintiff's letter contemplates a lawsuit, but it does not articulate the basis for that lawsuit as a violation of the ACRA or a violation of Arizona's defamation laws. (*See* Dkt. # 13, Ex. 1.) While Plaintiff speculates that "gender or sexual orientation" might have been the basis for an investigation that the Police department conducted, she does not provide any facts, circumstances, or events explaining even one event where Plaintiff was subjected to some form of harassment, discrimination, or retaliation.

In addition, Plaintiff did not state a specific amount for which she would settle her claim as required under § 12-821.01(A). In her resignation latter, Plaintiff does demand

1 $5,000, but she does not request that amount as back pay, front pay, or compensatory 2 damages suffered as a result of violations of ACRA or Arizona's defamation laws. Instead, 3 she merely request $5,000 as severance pay to cover a portion of her living expenses. 4 Plaintiff further fails to comply with the "supporting-facts" requirement of § 12-821.01(A) 5 because she fails to provide the factual foundation to permit the public entity to reasonably 6 evaluate the specific amount claimed. *Backus v. State*, 220 Ariz. 101, 106–07, 203 P.3d 499, 7 504–505 (2009) (holding that § 12-821.01(A) requires a plaintiff to provide "the factual 8 foundation that the claimant regards as adequate to permit the public entity to evaluate the 9 specific amount claimed") Although Plaintiff is not required "to provide an exhaustive list 10 of facts[,]" she has not provided any "facts to support the amount claimed," and thus, she has 11 not complied with the rule. *See id.*

12 Finally, the Court rejects Plaintiff's contention that summary judgment on this issue 13 is premature because discovery in this case has not yet begun. Plaintiff argues that an 14 investigation may reveal that the City has waived or is estopped from raising the notice of 15 claim defense. As the Arizona Courts have made clear, however, a defendant waives the 16 notice of claim defense only "when the defendant 'has taken substantial action to litigate the 17 merits of the claim that would not have been necessary had the entity promptly raised the 18 defense.'" *City of Phoenix v. Fields*, 219 Ariz. 568, 575, 201 P.3d 529, 536 (2009) (quoting 19 *Jones v. Cochise County*, 218 Ariz. 372, 380, 187 P.3d 97, 105 (Ct. App. 2008). Given that 20 the City in this case has promptly raised the notice of claim defense at the outset of this 21 litigation by including the defense in its Answer to the Complaint and by filing the instant 22 Motion, it is axiomatic that the City has not taken "substantial action to litigate the merits of 23 [Plaintiff's] claim." *Id.* Accordingly, the Court finds that additional discovery is unnecessary 24 to determine whether the City has waived this defense. *See Baker v. City of Tempe*, 2008 WL 25 2277882, at *2 (D. Ariz. May 30, 2008) (declining to permit discovery when it was clear that 26 an additional investigation would not reveal facts that would satisfy Arizona's notice-of-27 claim requirement).

28 / / /

## CONCLUSION

To the extent that Plaintiff's resignation letter can be construed as a notice of claim, the letter is not in compliance with the statutory requirements of Arizona Revised Statute § 12-821.01.

**IT IS THEREFORE ORDERED** that summary judgment is granted in favor of the City of Mesa on Counts IV of the Complaint and any other Count against the City based on state law.

DATED this 4th day of March, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge